ANN ARBOR RAILROAD COMPANY *v.* BEACH.

1. APPEAL—CONDEMNATION PROCEEDINGS—ADJOURNMENT BY CON-
SENT—WAIVER.

An assignment of error upon the action of the court in per-
mitting an adjournment in condemnation proceedings before
the sheriff had returned his list of jurors cannot be con-
sidered, where the record shows that the parties consented
to the adjournment.

2. SAME—QUALIFICATION OF JURORS—PRESUMPTION.

An award in condemnation proceedings will not be disturbed
on appeal upon the ground that one of the jurors was not a
freeholder, even though the testimony in the record fails to
show that he is such, where the trial judge states in his
return that only a small portion of the testimony is includ-
ed therein.

*Certiorari* to Livingston; Smith, J.   Submitted June
4, 1896.   Decided July 21, 1896.

Condemnation proceedings by the Ann Arbor Railroad
Company against Hiram G. Beach and others.   From
an order confirming the award, respondents bring *certio-
rari*.   Affirmed.

*Louis E. Howlett*, for plaintiffs in *certiorari*.

*T. W. Whitney*, for defendant in *certiorari*.

LONG, C. J.   On December 31, 1895, the petitioner
filed a petition in the circuit court for Livingston county
for an order appointing commissioners to determine the
necessity for the taking of certain lands of the respond-
ents, and to determine the damages and compensation to
be paid therefor.   A citation was issued by the circuit
judge, and all the respondents except Maggie Snyder ap-

110 MICH.—14.

peared and filed a motion to quash the petition. This being overruled, they requested a jury to determine the questions involved. This list was prepared by the sheriff on January 13, 1896, and the cause adjourned until the 18th of January. At the adjourned day the sheriff returned his list, and on the 27th, 28th, 29th, and 30th of that month the cause was heard before the jury, who returned a finding that the lands were necessary for public use, and they fixed and determined the compensation to be paid therefor. This finding came up before the court for confirmation on the 10th day of February, and was duly confirmed. The case comes to this court by writ of *certiorari*.

It is first contended that the court was in error in permitting the adjournment of the case from January 13th to January 18th, before the sheriff returned his list of jurors. The return of the circuit judge shows that this adjournment was by the consent of the parties, and that question will not, therefore, be discussed

It is contended further that the court erred in confirming the award, as one of the jurors was not a freeholder. The name of this juror is Frank L. Chase, and the circuit judge returns upon that question as follows:

"I further return that, upon the return of the venire issued herein, upon the calling of the names of said jurors, and after they had taken their seats in the jury box, they were, upon request of counsel, sworn as to their competency to sit as jurors in said case; that, after the administering of said oath, counsel for petitioner explained to each of said jurors what was necessary to qualify them to sit in the case,—that they must be resident freeholders, residents of the county of Livingston, and owners, each for himself, of real estate in said county; that thereupon the jurors, each for himself, under oath, answered in the affirmative, and Juror Frank L. Chase, on such examination so had, said he owned the farm on which he lived."

The court further returns as follows:

"That there is only a small portion of the testimony

taken in said case incorporated in my return, or the record of the cause."

When the award came before the court for confirmation, the juror Chase was called and examined further by respondents' counsel. It is claimed that his testimony there shows that he was not a freeholder, and was therefore an incompetent juror, and the award should not have been confirmed. We are not satisfied that his testimony can be construed as a denial even at that time that he was a freeholder. He admitted that he had a deed of an undivided interest in certain lands in that county, for which he had paid a consideration, and that, so far as that deed vested any interest in him in the lands, he still retained that interest. But, even if he were not shown to be a freeholder by this testimony, we are unable to say that the court below was in error in the confirmation of the findings of the jury, as the court returns that but a small portion of the testimony taken in the case is incorporated in this record.

Several other questions are raised, which we do not deem it necessary to discuss. We find no error in the record, and the judgment and findings of the court below will be affirmed.

The other Justices concurred.